United States Court of Appeals

Eleventh Circuit.

No. 95-2776

Non-Argument Calendar.

TAMPA BAY INTERNATIONAL TERMINALS, INC., Plaintiff-Counter-defendant-Appellee,

v.

TAMPA MARITIME ASSOCIATION—INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION PLAN AND TRUST, Defendant-Counter-claimant-Appellant.

Jan. 23, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-1060-CIV-T-23B), Steven D. Merryday, Judge.

Before TJOFLAT, Chief Judge, HATCHETT, Circuit Judge, and JOHNSON, Senior Circuit Judge.

PER CURIAM:

Tampa Maritime Association-International Longshoremen's Association Pension Plan and Trust ("Appellant") appeals the district court's grant of summary judgment in favor of Tampa Bay International Terminals ("Appellee"). Appellant asserted in a letter to Appellee, dated May 28, 1993, that Appellee was an employer subject to withdrawal liability under Section 3(5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. §§ 1001-1461 (West 1985 & Supp.1995), and demanded payment of such withdrawal liability. Appellee filed an action seeking declaratory judgment that it was not subject to withdrawal liability on grounds that it was not an "employer" within the meaning of ERISA as amended by the Multi-Employer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C.A. §§ 1381-1453 (West 1985 &

Supp.1995). Appellant answered and counterclaimed to collect Appellee's alleged withdrawal liability. Both sides moved for summary judgment, and the district court granted summary judgment in favor of Appellee.

This appeal presents a straightforward question of law: whether Appellee is an "employer" for purposes of ERISA, as amended by the MPPAA, even though Appellee is not contractually obligated to contribute to Appellant.

Appellant argues essentially that because Appellee bears some of the hallmarks of a common law "employer," Appellee should be considered an "employer" under the MPPAA. The definition of "employer," however, is a matter of federal law. *See Carriers Containers Council v. Mobile S.S. Ass'n,* 896 F.2d 1330, 1343 (11th Cir.1990). In *Carriers Containers,* this Court adopted the "contributing obligor" test for determining whether an entity is an "employer" under the MPPAA. A "contributing obligor" is one who is "obligated to contribute to a plan for the benefit of a plan's participants." *Id.*

We are persuaded by the Eighth Circuit's application of the "contributing obligor" test under circumstances nearly identical to this case. *See Seaway Port Authority of Duluth v. Duluth-Superior ILA Marine Ass'n Restated Pension Plan,* 920 F.2d 503 (8th Cir.1990). In *Seaway,* the Eighth Circuit held that a party must be contractually bound to make pension contributions in order to be an "employer" under MPPAA. *Id.* at 509. We believe that this is the best reading of *Carriers Containers* and is consistent with the treatment that other Circuits have given to withdrawal liability

under ERISA as amended by MPPAA.

Accordingly, we conclude that this appeal is without merit.

AFFIRMED.